UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSE M. DIAZ

     Plaintiff,

v.

NM1, LLC
d/b/a PALMETTO57 NISSAN, and
FRANCISCO FERNANDEZ, individually

     Defendants,

_____/

## **COMPLAINT**

The Plaintiff JOSE M. DIAZ by and through undersigned counsel, hereby sues Defendants NM1, LLC, d/b/a PALMETTO57 NISSAN, and FRANCISCO FERNANDEZ, individually, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff JOSE M. DIAZ under Section 1981 of the Civil Rights Act of 1866 (Section 1981), to redress the injury done to him by the Defendants' discriminatory treatment and Retaliation based on his Race, Color (Black), and Ethnicity.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to Section 1981 of the Civil Rights Act of 1866 (Section 1981), as amended.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff JOSE M. DIAZ is a 59-year-old male, of Dominican origin, resident of Miami-Dade County, who was employed by Defendant NM1, LLC, d/b/a PALMETTO57 NISSAN.  Plaintiff and is a member of certain protected classes of persons under 42 U.S.C. §1981, because of his Race, Color (Black), and Ethnicity.

7. Corporate Defendant NM1, LLC, d/b/a PALMETTO57 NISSAN (hereinafter PALMETTO57 NISSAN, or "Defendant"), is a profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. The individual Defendant FRANCISCO FERNANDEZ was and is owner/partner and directed operations of the Defendant Corporation PALMETTO57 NISSAN. Individual Defendant FRANCISCO FERNANDEZ was the "employer" of Plaintiff within the meaning of Section 1981 of the Civil Rights Act of 1866 (Section 1981), as amended.

9. At all times relevant to this complaint, Plaintiff JOSE M. DIAZ was employed by PALMETTO57 NISSAN, and FRANCISCO FERNANDEZ and the parties had a contractual relationship with each other.

<u>STATEMENT OF FACTS</u>

10. Plaintiff JOSE M. DIAZ is a 59-year-old male, of Dominican national origin, resident of Miami-Dade County, who was employed by Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ. Plaintiff and is a member of certain protected classes of persons under 42 U.S.C. §1981, because of his Race, Color (Black), and Ethnicity.

11. Defendant PALMETTO57 NISSAN is a new and used car dealer, located at 16725 NW 57th Avenue, Miami Gardens 33055, where Plaintiff worked.

12. Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ employed Plaintiff JOSE M. DIAZ as a car salesman approximately from January 15, 2018, to May 18, 2020, or 2 years plus 4 months (122 weeks).

13. The Plaintiff was a full-time employee, earning approximately $10.00 an hour, plus commissions and bonuses.

14. Throughout his employment with the Defendants, the Plaintiff performed his duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training, and qualifications for the job in question, and performed his duties without significant issue or controversy. The Plaintiff was a good car salesman.

15. However, during the time Plaintiff was employed by the Defendants, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile working environment, and was further subjected to different terms and conditions of

employment, and finally, he was subjected to a discriminatory discharge because of his Race, Color, and Ethnicity.

16. Since the beginning of his employment with the Defendants, the Plaintiff suffered discriminatory treatment and harassment based on his Race, Color, and Ethnicity.

17. The Plaintiff suffered a disrespectful and abusive treatment at the hands of his immediate supervisor, Manager Joseph Mora.  The Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race, Color, and Ethnicity.

18. Manager Joseph Mora promoted a discriminatory treatment towards Plaintiff referring to Plaintiff as "Ni….." and calling him "Midnight" in front of other salesmen.

19. Manager Joseph Mora made fun of Plaintiff in front of his colleagues by making insolent remarks about Plaintiff's Race like: "This Ni….. think he is white because he dyed his hair" causing general laughter. Manager Joseph Mora played YouTube videos to mock Plaintiff's English pronunciation in front of other salesmen, humiliating Plaintiff.

20. Manager Joseph Mora not only discriminated and harassed Plaintiff because of his Race, but he also discriminated against Plaintiff because of his Ethnicity, and he freely expressed his animosity towards Dominican people, Manager Joseph Mora told Plaintiff many times that he "Did not want to know anything about Dominicans", and that it was the reason why he got rid of former Dominican salesmen. Manager Joseph Mora threatened Plaintiff with firing just because he was Black and Dominican.

21. The discrimination and harassment of Manager Joseph Mora also affected Plaintiff's earnings. Manager Joseph Mora took away the Plaintiff's sales and clients and credited them to other salesmen.

22. On multiple occasions, the Plaintiff complained about the wrongful conduct of Manager Joseph Mora regarding his harassment based on Race and Ethnicity and regarding his sales and customers being taken away from him, but General Manager Antonio B. Mayten did not take any action, did not verify Plaintiff's complaint, and ignored his complaints completely.

23. The Plaintiff's managers allowed discrimination and harassment and promoted an unfriendly interaction and relationship between co-workers and the Plaintiff.

24. The frequent, severe, and offensive conduct of manager Joseph Mora, Antonio B. Maytin and co-workers created a hostile work environment for Plaintiff in violation of 42 U.S.C. §1981.

25. The Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. The Plaintiff knew that his superiors did not like him because he was Black and Dominican, and they were looking for excuses to fire him.

26. On or about October 2019, Plaintiff complained to the Human Resources Manager, Ivon Samper, and to President FRANCISCO FERNANDEZ about the conduct of Managers Joseph Mora and Antonio B. Maytin.  Plaintiff complained about the discrimination and harassment based on Race, Color, and Ethnicity that he was suffering. Plaintiff also complained and informed them how his sales and clients were allocated to other favored salesmen. The Defendants did not open an

investigation, they did not sanction anybody, and the Plaintiff's complaints were completely ignored.

27. After Plaintiff's complaint, nothing changed. On the contrary, the Plaintiff suffered retaliatory increased harassment.  Managers Joseph Mora and Antonio B. Maytin retaliated against Plaintiff and made his life miserable.

28. In every sales meeting, Plaintiff was discriminated against and harassed, he was ordered to keep silent, and he was not allowed to speak freely, causing him embarrassment and humiliation.  The managers continued using slick tricks and tactics to deceive Plaintiff regarding his commissions.

29. The Plaintiff's work was sabotaged by hiding the keys of cars that he was dealing with, making his work more difficult. Later, the cost of lost keys was deducted from Plaintiff's wages.

30. After his complaint Plaintiff was unfairly sent home for 5 days twice. Besides, the managers sent Plaintiff home without any reason several times, causing him to lose prospective sales and affecting his finances.

31. Enduring a discriminatory treatment became a condition for continued employment with Defendants.

32. On or about May 18, 2020, Plaintiff complained to H. R. Manager, Ivon Samper, and President FRANCISCO FERNANDEZ.  This time, Plaintiff complained again about the unlawful conduct of managers Joseph Mora and Antonio B. Maytin. Plaintiff repeated that he was being discriminated against, harassed, and retaliated because of his Race, Color, and Dominican Ethnicity.  Plaintiff also complained about some improper deductions on his commissions.

33. After this complaint, Defendants fired Plaintiff immediately. Plaintiff was told that they could not allow him to have such disagreements with managers Joseph Mora and Antonio B. Maytin.

34. At the times mentioned, individual Defendant FRANCISCO FERNANDEZ was the owner/partner and operator of PALMETTO57 NISSAN. Defendant FRANCISCO FERNANDEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 42 U.S.C. §1981. This individual Defendant acted directly in the interests of corporate Defendant PALMETTO57 NISSAN concerning its employees, including Plaintiff and others similarly situated. Defendant FRANCISCO FERNANDEZ had financial and operational control of the Corporation, he was responsible for the Plaintiff and other similarly situated employees' working conditions, and he is jointly and severally liable for Plaintiff's damages.

35. On or about May 18, 2020, the Plaintiff was wrongfully discharged by the Defendants and his human and civil rights were violated. The Plaintiff's discharge was directly and proximately caused by Defendants' unjustified discrimination and harassment because of Plaintiff's Race, Color, and Ethnicity, in violation of both Federal and State Laws.

36. Defendant PALMETTO57 NISSAN is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendants' knowledge that such discrimination, harassment, was occurring.

**COUNT I:**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981,**
**DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY;**
**AGAIST ALL DEFENDANTS**

37. Plaintiff JOSE M. DIAZ re-adopts every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. This is an action against PALMETTO57 NISSAN, and FRANCISCO FERNANDEZ for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

39. At all times material hereto Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ were "employers" within the meaning of Section 42 U.S.C. §1981.

40. At all times material hereto, Plaintiff JOSE M. DIAZ was an "employee" and had a contractual relationship with the Defendants within the meaning of 42 U.S.C. §1981.

41. Plaintiff JOSE M. DIAZ had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at PALMETTO57 NISSAN.

42. The Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ have intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of his Race, Color, and Ethnicity.

43. The Defendants subjected Plaintiff JOSE M. DIAZ to different adverse

employment actions including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

44. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his Race, Color, and Ethnicity.

45. As a direct and proximate result of the intentional violations by the Defendants of the Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees, and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of the Defendants' discriminatory practices unless and until this Court grants relief.

47. The actions of the Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for their actions and to deter it, and others, from such actions in the future.

48. Plaintiff JOSE M. DIAZ has retained the undersigned counsel to prosecute his claims and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE M. DIAZ respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff JOSE M. DIAZ and against the Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ based on the Defendants' willful violations of 42 U.S.C. §1981; and

B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

JURY TRIAL DEMAND

Plaintiff JOSE M. DIAZ demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866,**
**42 U.S.C., SECTION 1981; AGAINST ALL DEFENDANTS**

49. The Plaintiff JOSE M. DIAZ re-adopts every factual allegation as stated in paragraphs 1-36 of this complaint as if set out in full herein.

50. The Plaintiff JOSE M. DIAZ and Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ had a contractual relationship.

51. The Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ precluded Plaintiff from performing the stated contractual relationship when

Defendants terminated Plaintiff.

52. The Defendants terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity, as more particularly described above.

53. The Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

54. The actions of the Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such actions in the future.

55. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JOSE M. DIAZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendants PALMETTO57 NISSAN and FRANCISCO FERNANDEZ based on Defendants' willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

<u>JURY TRIAL DEMAND</u>

Plaintiff JOSE M. DIAZ demands trial by a jury of all issues triable as of right by a jury.

Dated: August 7, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*